UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOEL MILLER,

Plaintiff,

v. Case No. 25-cv-0910-bhl

MARCUS KING et al.,

Defendants.

**ORDER FOR SUPPLEMENTAL BRIEFING**

Plaintiff Joel Miller is incarcerated at the Green Bay Correctional Institution and representing himself in this 42 U.S.C. §1983 case. On September 22, 2025, the Court screened the complaint and allowed Miller to proceed on an Eighth Amendment claim based on allegations that Defendants used unnecessary and excessive force when they moved him to clinical observation despite his insistence that he was not suicidal. *See* Dkt. No. 9. On June 23, 2026, the Defendants filed a summary judgment motion, which is now fully briefed. In reviewing the materials, it became apparent that Miller seeks to challenge not only the level of force used to remove him from his cell but also the underlying decision to move him to clinical observation in the first place. According to Miller, he never told Defendant Marcus King or anyone else that he was suicidal. Dkt. No. 41 at ¶53. King, however, informed the on-duty psychological associate that Miller had stated he was suicidal. When she allegedly told King that "she did not want to make a decision," he contacted the on-call psychological associate, who—based on King's representations of what he claims Miller said—agreed that Miller should be moved to clinical observation. Dkt. No. 27 at ¶¶49-53. When King approached Miller's cell with an extraction team, Miller repeatedly informed King that he never said he was suicidal and that he had just spoken to the on-duty psychological associate and all she did was try and drop off some crossword puzzles. *See* Dkt. No. 36 (video available for viewing in the clerk's office). King informed Miller that "they had Miller on camera stating he was suicidal and to come and get him." Dkt. No. 27 at ¶67. Miller denies he ever said this, and the Defendants have not produced video showing Miller stating that he was suicidal. After a short interaction with Miller, King proceeded to direct and participate in the forcible removal of Miller from his cell. Dkt. No. 36.

Being placed on clinical observation is a significant deprivation. Typically, inmates are strip-searched and then placed into a new cell where they are deprived of all property except for a mat that is attached to the floor. Some cells have only a hole in the floor for a toilet to prevent inmates from harming themselves by jumping headfirst from elevated surfaces. Accordingly, only those inmates "who appear to have deteriorating mental illness or evidence of a risk of physical harm to self or others" are referred to psychological services unit staff for evaluation, and only "Psychologist Supervisors, Psychologists-Licensed, Psychological Associates, Physicians, and Wardens" are authorized to order than an inmate be placed on clinical observation. Dkt. No. 27 at ¶¶30, 32.

An officer who orchestrates an inmate's placement into clinical observation by conveying false information to an authorized staff member about the inmate's alleged threats of self-harm may violate the Eighth Amendment, which "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). Although the Court did not explicitly allow Miller to proceed on such a claim in the screening order, development of the record makes it clear that Miller stated such a claim in the complaint. Under Fed. R. Civ. P. 54, the Court may revise any order at any time before the entry of judgment. The Court does so here and revises the screening order to allow Miller to proceed on an Eighth Amendment claim against King based on allegations that King improperly orchestrated Miller's placement into clinical observation.

In light of this revision, the Court will invite the Defendants to supplement their summary judgment materials to address this claim. The Defendants may file up to twenty additional proposed material facts and a supplemental brief not to exceed ten pages. The Defendants' supplemental materials are due by **November 13, 2026**. Miller's response materials are due by **December 13, 2026**. If the Defendants so desire, they may file a reply by **December 28, 2026**. The parties are advised that the supplemental materials should be limited to this newly identified claim. Additional briefing related to Miller's excessive force claim is not permitted and will not be considered.

**SO ORDERED** this 29th day of September, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge